IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

U.S DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

BUFORD POSTON and DONG WANG,     *
                                 *
        Plaintiffs,              *
                                 *
             v.                  *
                                 *
MCDUFFIE COUNTY, GEORGIA and     *
CHASE BEGGS, McDuffie County     *
Chairman,                        *
                                 *
        Defendants.              *

MAR 20 2026

FILED

CV 125-197

**O R D E R**

Presently before the Court are Defendants' first motion to dismiss (Doc. 6) and second motion to dismiss (Doc. 17), as well as Plaintiffs' motion for leave to file amended complaint (Doc. 10), motion to amend complaint (Doc. 12), and motion for protective order (Doc. 23). For the reasons set forth below, Defendants' first and second motions to dismiss are **GRANTED**, Plaintiffs' motion for leave to file amended complaint is **DENIED AS MOOT**, and their motion to amend complaint is **DENIED**.

**I. BACKGROUND**

Plaintiffs initiated this action on August 25, 2025, requesting injunctive relief based on alleged unconstitutional searches of their property by helicopter. (Docs. 1, 2.) On September 8, 2025, the Court denied the motion for temporary restraining order and preliminary injunction. (Doc. 5.)

Defendants filed their first motion to dismiss for failure to state a claim on October 3, 2025. (Doc. 6.) On November 7, 2025, Plaintiffs responded and moved for leave to file an amended complaint, as well as a motion to amend their complaint. (Docs. 10, 11, 12.) The amended complaint seeks to add claims against McDuffie County and Commissioner Beggs under 42 U.S.C. § 1983 for alleged constitutional rights violations stemming from an illegal home search and various "entrenched customs . . . that systemically violate the First, Fourth, Sixth, and Fourteenth Amendments." (Doc. 12, at 3.) These allegations relate to Plaintiffs' ongoing Superior Court of McDuffie County criminal proceedings. (Id. at 3, 16.) Plaintiffs seek declaratory relief, injunctive relief, compensatory and punitive damages, pre- and post-judgment interest, and fees and costs. (Id. at 18, 20.)

Plaintiffs also filed an affidavit of service indicating Defendants were provided with a copy of the amended complaint on November 10, 2025. (Doc. 14.) On November 21, 2025, Defendants filed a response in opposition to Plaintiffs' motions to amend. (Doc. 15.) Then, Defendants filed a second motion to dismiss for lack of valid or timely service. (Doc. 17.) Plaintiffs replied to Defendants' response to their motions to amend on December 10, 2025. (Doc. 19.) Plaintiffs filed a response to Defendants' second motion to dismiss and a notice of factual errors on December 23, 2025. (Docs. 21, 22.) The issues have been thoroughly briefed, and the motions are ripe for the Court's review.

2

## II. LEGAL STANDARD

The Court reviews the applicable legal standards below.

**A. Motion for Leave to Amend Complaint & Motion to Amend Complaint**

Leave to amend under Federal Rule of Civil Procedure 15(a) is generally given freely, Foman v. Davis, 371 U.S. 178, 182 (1962), but leave is not guaranteed, and a trial court may deny such leave "in the exercise of its inherent power to manage the conduct of litigation before it." Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008) (citation omitted). "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." Saewitz v. Lexington Ins., 133 F. App'x 695, 699 (11th Cir. 2005) (per curiam) (citation omitted). An amendment is futile when the pleading it seeks to amend would still be subject to dismissal if the amendment were permitted. See Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) (per curiam) ("A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'" (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam))).

**B. Motion to Dismiss**

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds by* Davis v. Scherer, 468 U.S. 183 (1984). Pursuant to Federal Rule

of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of both the claim and the supporting grounds. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). Although "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the – defendant – unlawfully – harmed – me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). The Court need not accept the pleading's legal conclusions as true, only its well-pleaded facts. Id. at 677-80. Furthermore, "the court may dismiss a complaint pursuant to [Rule 12(b)(6)] when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citation omitted).

A motion to dismiss for lack of valid service relies on Rule 4 of the Federal Rules of Civil Procedure, which governs service of process in federal court. FED. R. CIV. P. 4. Rule 4 provides:

4

"A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." FED. R. CIV. P. 4(c)(1). The complaint must be a pleading filed with and accepted by the Court, and a defendant cannot be properly served with process if it is provided with a document that is not the operative complaint. Williams v. Fla. Med. Bd., No. 423-cv-267, 2024 WL 5716792, at *2 (N.D. Fla. Mar. 15, 2024) (quotations omitted). Further, section 4(m) states: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m).

### III. DISCUSSION

The Court addresses the Parties' motions below.

**A. Motions to Amend Complaint**

Plaintiffs filed two motions to amend on the same day, and the second motion provides more detail than the first, so the Court considers the second motion (Doc. 12) to be the one intended for consideration and analyzes only the second motion. The first motion (Doc. 10) is therefore **DENIED AS MOOT**.

Plaintiffs move to amend their complaint because the proposed amended complaint "cures any pleading defects and states viable

5

claims under [Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978)] with detailed factual allegations, sworn admissions, and documentary exhibits." (Doc. 12, at 1.) Defendants argue the amendment is futile because neither Defendant controls the local judiciary nor the Plaintiffs' criminal prosecution. (Doc. 15, at 2-3.)

An amendment is futile when the pleading being amended would still be eligible for dismissal if the amendment were allowed. See Coventry First, 605 F.3d at 870. The proposed amended complaint seeks to bring claims under 42 U.S.C. § 1983 against McDuffie County and Commissioner Beggs pertaining to Plaintiffs' criminal proceedings in the Superior Court of McDuffie County. (See generally Doc. 12.) The Court has previously found:

> The superior courts . . . are established by the Constitution of the State of Georgia. See Ga. Const. art. 6, § 1, ¶ I. Although the Georgia Constitution requires "[e]ach county shall have at least one superior court," there is no suggestion that the respective counties exercise any authority or control over those courts. See Ga. Const. art. 6, § 1, ¶ VI. This Court has observed that the Georgia Constitution affirmatively prohibits counties from exercising control over the clerks of superior courts. See Kicklighter v. Goodrich, 162 F. Supp. 3d 1363, 1370 (S.D. Ga. 2016) (citing Ga. Const. art. IX, § 2). It is, therefore, well-established that Georgia superior courts are entities of the state, not the county where they sit. See, e.g., Stegeman v. Georgia, 290 F. App'x 320, 322-23 (11th Cir. 2008) (claims against Georgia superior court barred by the Eleventh Amendment).

Rojas v. Evans Cnty., No. 423-cv-127, 2023 WL 4938415, at *2 (S.D. Ga. July 11, 2023) (alterations in original). Further, in a case where a plaintiff alleged the Fulton County Board of Commissioners

had the authority to regulate the Fulton County Superior Court, the Eleventh Circuit found, "the local county has no control over the courts or court personnel," and "[a]s a result, [the local county] does not have final policymaking authority over courts and cannot be subject to § 1983 liability in relation to the court's actions." Higdon v. Tusan, 746 F. App'x 805, 815 (11th Cir. 2018) (citations omitted). The Eleventh Circuit affirmed the district court's dismissal of the related counts on this basis. Id.

Here, Plaintiffs allege various "unconstitutional customs" of McDuffie County related to the operations of the court system, including "withholding discovery until trial-calendar stage" and allowing "deliberate administrative delays in charging and calendaring cases." (Doc. 12-1, at 163.) These alleged customs apply directly to the court's procedures, and Plaintiffs argue McDuffie County is liable under § 1983 for its "deliberate policies" that influence the court's operations. (Id. at 5, 163.) Given Plaintiffs assert that McDuffie County has a level of control over the courts which gives rise to their § 1983 claims, the above Eleventh Circuit holding applies to the case. This is enough to find Plaintiffs' amendment futile because the pleading would be dismissed even if the amendment was permitted. Coventry First, LLC, 605 F.3d at 870.

Additionally, Plaintiffs assert an illegal search of their residence occurred on August 16, 2023. (Doc. 12-1, at 19, 42.) The officer that allegedly committed the illegal search was

7

identified as Jared Land, but he was not included as a Party in the lawsuit. (Id. at 1; Doc. 12, at 9.)  Under the Supreme Court's decision in Monell, a municipality can be subject to § 1983 liability "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ." 436 U.S. at 694.  However, "[a] local government cannot be held liable under § 1983 on a respondeat superior theory. Instead, the policy or practice must be the moving force of the constitutional violation at issue." Samples v. City of Atlanta, 846 F.2d 1328, 1333 (11th Cir. 1988) (internal citations and quotation marks omitted).  Here, Plaintiffs do not sue Officer Jared Land, the officer alleged to have conducted the illegal search.  (Doc. 12, at 1; Doc. 12-1, at 70.)   Case precedent establishes McDuffie County and Commissioner Beggs cannot be held liable on a respondeat superior theory for the actions of a county police officer.  See Samples, 846 F.2d at 1333.  For that reason, the proposed illegal search claim also fails.   Furthermore, Plaintiffs fail to provide facts identifying any known policies or practices of McDuffie County involving illegal searches that proximately caused the alleged constitutional deprivations and injuries.  They do not provide facts in the amended complaint that show the existence of policies pertaining to unconstitutional searches, and they do not show McDuffie County or Commissioner Beggs' "deliberate indifference," to any custom of illegal

8

searches has harmed Plaintiffs. (See Doc. 12, at 5.) As Plaintiffs fail to allege specific facts showing how any practice, policy, or custom of McDuffie County or Commissioner Beggs was the "moving force" behind the alleged constitutional violations, they fail to state viable claims against the Defendants. Monell, 436 U.S. at 694.

Based on the above, Plaintiffs' amendments are futile, and their motion to amend complaint (Doc. 12) is **DENIED.** As a result, the Court finds the original complaint (Doc. 1) is the operative complaint and turns to Defendants' motions to dismiss.

## B. Motions to Dismiss

In Defendants' first motion to dismiss, they argue the operative complaint fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b). (Doc. 6, at 1.) They argue "the Complaint provides no basis to infer any cause of action against McDuffie County or Commissioner Beggs. There is no well-pleaded allegation that either Defendant violated federal law in any way that gives rise to a valid claim for relief." (Doc. 6-1, at 2.) Plaintiffs' response offers a copy of the proposed amended complaint as rebuttal to Defendants' argument. (Doc. 11.)

Given the amended complaint is not the operative complaint, the Court agrees with Defendants. Plaintiffs' original complaint contains no well-pleaded facts to support their assertion that Defendants were somehow involved in a "Recording unwarrant

9

search." (Doc. 1, at 4.) Although "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the – defendant – unlawfully – harmed - me accusation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). It is unclear from the complaint what Plaintiffs are alleging. Plaintiffs' bare assertions, without other facts or contentions, do not state a claim. As a result, Defendants' first motion to dismiss (Doc. 6) is **GRANTED**.

Defendants' second motion to dismiss is based on a lack of valid service. (Doc. 17, at 1.) Defendants argue Plaintiffs' process server asserts he provided a copy of one version of the proposed amended complaint to Defendants on November 10, 2025, but they were never provided with the operative complaint within ninety days of filing. (Doc. 17-1, at 2.) The affidavit of service filed by Plaintiffs alleges Defendants received copies of Plaintiffs' "Complaint for Violation of Civil Rights," also known as the proposed amended complaint from Plaintiffs' motion to amend (Doc. 12). (Doc. 14, at 1.)

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). The operative complaint was filed on August 25, 2025. (Doc. 1.) As of the date of this Order, there is no proof Defendants have been served with the operative

complaint. Given Defendants were supplied with the inoperative amended complaint before the Court's ruling on whether it would act as the operative complaint, and the ninety-day deadline for timely service of the original complaint has passed without Defendants being served, proper service has not occurred. FED. R. CIV. P. 4(m). Therefore, Defendants' second motion to dismiss for lack of service (Doc. 17) is **GRANTED**.

## IV. CONCLUSION

Based on the foregoing, Defendants' first motion to dismiss (Doc. 6) and second motion to dismiss (Doc. 17) are **GRANTED,** Plaintiffs' motion for leave to file amended complaint (Doc. 10) is **DENIED AS MOOT**, and Plaintiffs' motion to amend complaint (Doc. 12) is **DENIED**. **IT IS THEREFORE ORDERED** that this matter is **DISMISSED**. The Clerk is directed to **TERMINATE** all motions and deadlines and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this _20th_ day of March, 2026.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

11